UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRACEY CROOM,

    Plaintiff,                                   Case No. 13-cv-12355

v.                                             HONORABLE STEPHEN J. MURPHY, III

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

                                               /

**ORDER ADOPTING
REPORT AND RECOMMENDATION** (document no. 18),
**GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT** (document no. 11)**, DENYING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**(document no. 14)**, AND REMANDING CASE**

      Plaintiff and claimant Tracey Croom filed an application for Supplemental Security Income Benefits and an application for Disability Insurance Benefits with protective filing dates of September 21, 2010, alleging that she had been disabled since March 13, 2006 as a result of back pain and knee pain. Administrative Record ("A.R.") at 15. The Social Security Administration ("SSA") denied benefits. A.R. at 15. Croom requested a de novo hearing, which was held on November 30, 2011 before Administrative Law Judge ("ALJ") Jerome Blum, who denied her applications in a decision issued on January 26, 2012. A.R. at 15-21. After the SSA Appeals Council declined to review the decision, Croom appealed to this Court. The Court referred the matter to a magistrate judge, and the parties filed cross motions for summary judgment. *See* Mots. for Summ. J., ECF Nos. 11; 14.

      On June 24, 2014, the magistrate judge issued a Report and Recommendation ("Report"), suggesting that the Court deny the Commissioner of Social Security's ("Commissioner's") motion, grant Croom's motion in part, and remand the case to the Commissioner. The magistrate judge found three bases for remand: 1) the ALJ failed to

discuss Croom's weight or explain why he did not consider any function limitations as a result of her obesity; 2) the ALJ neither demonstrated that he considered the record evidence at Step Three of the governing standards nor did he show that he compared Croom's impairments to any relevant listing in the Social Security regulations; and 3) the ALJ performed an insufficient credibility analysis regarding Croom's pain because he did not discuss her daily activities, any precipitating or aggravating factors, the type, dosage, effectiveness, or side effects of any medications, the effectiveness of her treatment measures, or any other measures used to relieve pain.[1]

Civil Rule 72(b) governs review of a magistrate judge's report and recommendation. De novo review of the magistrate judge's findings is only required if the parties "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). Nevertheless, because a district judge always retains jurisdiction over a motion after referring it to a magistrate judge, he or she is entitled to review the magistrate judge's findings of fact and conclusions of law on his or her own initiative. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985) (clarifying that while a district court judge need not review a report and recommendation "de novo if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under a de novo or any other standard").

Because neither the plaintiff nor the defendant filed objections, de novo review of the Report's conclusions is not required. Having reviewed the Report's analysis, in light of the

---

[1] The Report rejected Croom's claim that the ALJ erred by failing to consider Croom's need for use of a cane when determining her residual functional capacity and when questioning the vocational expert. The magistrate judge determined that substantial evidence supported the ALJ's decision to exclude the use of a cane.

record, the Court finds that its conclusions are factually based and legally sound. Accordingly, it will adopt the Report's findings, deny the Commissioner's motion for summary judgment, grant Croom's motion for summary judgment in part, and remand the case to the Commissioner for further proceedings consistent with the Report.

### ORDER

**WHEREFORE**, it is hereby **ORDERED** that the magistrate judge's Report and Recommendation (document no. 18) is **ADOPTED**.

**IT IS FURTHER ORDERED** that the Commissioner's Motion for Summary Judgment (document no. 14) is **DENIED**.

**IT IS FURTHER ORDERED** that the Croom's Motion for Summary Judgment (document no. 11) is **GRANTED IN PART AND DENIED IN PART**.

**IT IS FURTHER ORDERED** that this case is **REMANDED** to the Commissioner for further proceedings consistent with the Report.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: July 14, 2014

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 14, 2014, by electronic and/or ordinary mail.

Carol Cohron
Case Manager